UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00333-RJC

| JEREMY DUSTIN SMART, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Defendant's Motion for Summary Judgment, (Doc. No. 13). The motions are ripe for adjudication.

I.  BACKGROUND

   A.  Procedural Background

Jeremy Dustin Smart ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of his social security claim. Plaintiff filed an application for Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on July 17, 2014. (Doc. Nos. 10 to 10-1: Administrative Record ("Tr.") at 237.) His applications were denied first on January 7, 2015, (Tr. 123, 140), and upon reconsideration on April 10, 2015, (Tr. 157, 171). Plaintiff timely filed a request for a hearing on May 11, 2015, (Tr. 196), and an administrative hearing was held by an administrative law judge ("ALJ") on April 4, 2017, (Tr. 199). Following this hearing, the ALJ found that Plaintiff was not disabled

under the SSA. (Tr. 31–49.) Plaintiff requested a review of the ALJ's decision, but on September 26, 2018, the Appeals Council denied Plaintiff's request for review. (Tr. 1–7.) Having exhausted his administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of his social security claim in this Court.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the SSA. (Tr. 34.) To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that his disability began on July 15, 2012 due to physical and mental impairments. (Tr. 239, 243.)

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 49.) In reaching her conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five-steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the

---

[1] Under the SSA, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

2

duration requirement; (4) can return to [his] past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite his limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 48–49.) In reaching her decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that he suffered from severe physical and mental impairments,[2] and that his impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 36–38.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff

> has the [RFC] to perform light work . . . except he is precluded from grasping or handling with his non-dominant upper extremity. He can pinch lightweights and use the non-dominant hand as support for the dominant hand. He should avoid concentrated exposure to heights or

---

[2] The ALJ determined that Plaintiff suffered from the following severe impairments: major depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder (ADHD), left side weakness status post cervical spinal cord injury, and obesity. (Tr. 36.)

3

moving machinery. He is further limited to simple, routine and repetitive tasks with occasional decision making and occasional changes to the work duties. He should have only casual non-intense contact with others necessary to perform work duties.

(Tr. 38.) Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which he had previously been employed. (Tr. 47.) Therefore, the ALJ proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in his RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 48–49.) To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "sandwich board carrier,"[3] "usher,"[4] and "ticket taker."[5] (Tr. 48.) According to the DOT, all of these jobs involve "light work." The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent him from working; consequently, Plaintiff's applications for Title II and Title XVI benefits were denied. (Tr. 48–49.)

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled her lawful duty in her determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g), 1382(c).

---

[3] DOT 299.687-014.
[4] DOT 344.677-014.
[5] DOT 344.667-010.

4

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long

as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

III. DISCUSSION

Plaintiff contends that remand is warranted for two reasons: (1) in denying Plaintiff's request for review, the Appeals Council did not consider additional evidence that was new, material, and related to the period under review; and (2) the ALJ failed to properly explain her basis for assigning minimal weight to certain opinions. Plaintiff's allegations of error are meritless.

### A. The Appeals Council did not err in failing to consider Plaintiff's additional evidence.

The regulations allow "claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council." Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011). "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Secretary, Health & Human Servs., 953 F.2d 93, 95–96 (4th Cir. 1991) (quotation marks omitted). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." Meyer, 662 F.3d at 705 (quotation marks omitted).

After the ALJ issued her decision, Plaintiff obtained and submitted to the Appeals Council a November 1, 2017 letter from Plaintiff's treating therapist, Kimberly M. Harshaw, MS, LPC ("Harshaw"). (Tr. 16–19.) The Appeals Council did not consider the letter in denying Plaintiff's request for review, concluding that the

6

letter did not relate to the period on or before the date of the ALJ's decision. (Tr. 2.) "Accordingly, the court must determine whether the [additional evidence] was new, material, and relates to the period on or before the date of the ALJ's decision. If so, the Appeals Council erred in failing to consider it, and the matter must be remanded." Briggs v. Berryhill, No. 4:16-cv-240, 2017 U.S. Dist. LEXIS 156579, at *10–11 (E.D.N.C. Aug. 30, 2017) (citation omitted).

Even assuming that the letter is new evidence that relates to the period at issue, the letter is not material evidence. In her letter, Harshaw expresses essentially the same opinions reflected in her February 2017 "Medical Assessment of Ability to Do Work-Related Activities ('Mental')" (the "February 2017 Assessment"). (Tr. 822–25.) The ALJ assigned minimal weight to those opinions because they were inconsistent with Harshaw's notes and with other opinions of record, specifically Dr. Jessica S. Medford ("Dr. Medford"). (Tr. 46–47.) Thus, there is not a reasonable possibility that Harshaw's subsequent letter in which she expresses the same opinions to which the ALJ assigned minimal weight would have changed the outcome. In addition, the letter does not contradict or cast serious doubt on the original evidence reviewed by the ALJ. McCallister v. Berryhill, No. 3:17-cv-00375, 2017 U.S. Dist. LEXIS 208385, at *89–90 (S.D. W. Va. Nov. 30, 2017) ("Put simply, if the new evidence is not in blatant contradiction with and does not cast serious doubt upon the original evidence reviewed by the ALJ, then remand is unnecessary if the ALJ's decision is supported by substantial evidence."). Therefore, the Appeals Council did not err in failing to consider Harshaw's November 1, 2017 letter.

B.  The ALJ sufficiently explained why she assigned minimal weight to certain opinions.

Plaintiff argues that the ALJ failed to properly explain her basis for assigning minimal weight to the opinions of (1) Harshaw, (2) Sharon Erwin ("Erwin"), vocational rehabilitation evaluator, and (3) Jeff Burns ("Burns"), SOAR case manager. The Court addresses each in turn.

1.  Harshaw

As stated above, Harshaw is Plaintiff's treating therapist. In the February 2017 Assessment, Harshaw opined that Plaintiff exhibited an extreme loss of ability to maintain concentration for an extended period, maintain attention and stay on task for an extended period, perform at a consistent pace without an unreasonable number of breaks, and finish a normal work week without interruption from psychologically based symptoms. (Tr. 823–24.) Harshaw further opined that Plaintiff exhibited a substantial loss of ability to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions, demonstrate reliability by maintaining regular attendance and being punctual within customary tolerances, accept instructions and respond appropriately to criticism from supervisors, behave in an emotionally stable manner, respond appropriately to changes in a routine work setting, and cope with normal work stress without exacerbating pathologically based symptoms. (Tr. 823–24.)

Plaintiff argues that the ALJ "gave no obvious consideration to" the regulation providing that medical opinions from treating sources are generally entitled to more weight than those of non-treating sources. (Doc. No. 12, at 14.) This argument is

8

entirely without merit. The regulations provide that more weight will generally be given to "medical opinions" from "treating sources." 20 C.F.R. § 404.1527(c)(2). "Medical opinions" are defined as "statements from acceptable medical sources," and "treating source" is defined as an "acceptable medical source" with whom the claimant has or has had an ongoing treatment relationship. Id. § 404.1527(a)(1)–(2). A therapist such as Harshaw is not an "acceptable medical source." Id. §§ 404.1502(a), 416.902(a). Thus, Harshaw is not a treating source whose medical opinions are generally entitled to greater weight—in fact, Harshaw cannot even render a medical opinion. Dawkins v. Berryhill, No. 8:16-cv-03111, 2018 U.S. Dist. LEXIS 36520, at *22 (D.S.C. Jan. 29, 2018) ("Only acceptable medical sources can . . . give medical opinions[] and be considered treating sources whose opinions may be entitled to controlling weight."); Kozel v. Astrue, No. JKS-10-2180, 2012 U.S. Dist. LEXIS 99620, at *29 (D. Md. July 17, 2012) (stating that "a 'medical opinion' may only come from an 'acceptable medical source'"). Contrary to the medical opinions of treating sources, "[t]he opinions of non-acceptable medical sources are not entitled to any particular weight, and the ALJ is not required to explain the weight given to such opinions unless it might affect the case's outcome." Herschel G. v. Saul, No. 7:18cv266, 2019 U.S. Dist. LEXIS 156773, at *13 (W.D. Va. Aug. 22, 2019).

The ALJ sufficiently explained her reasons for assigning minimal weight to Harshaw's opinions. As discussed above, the ALJ explained that Harshaw's opinions are not supported by her notes, "which routinely showed normal mental status examinations." (Tr. 47.) The ALJ also pointed out that two months prior to Harshaw

9

completing the February 2017 Assessment, "she classified his depressive order as mild." (Tr. 47.) The ALJ further explained that Harshaw's opinions are inconsistent with other opinions of record, specifically Dr. Medford. The ALJ reasoned that Dr. Medford performed the consultative examination on Plaintiff and "opined that [Plaintiff] could tolerate the stress and pressure of day-to-day work, adjust to a work environment and schedule and exhibit appropriate work place behaviors" and "noted that [Plaintiff] had been able to function on a job site (in the past) with symptoms of depression." (Tr. 47.) Therefore, the ALJ committed no error in assigning minimal weight to Harshaw's opinions or in explaining that decision.

2. Erwin[6]

Erwin, the vocational rehabilitation counselor, opined that Plaintiff will require a job that is basically sedentary in nature but allows the opportunity for intermittent sitting and standing. (Tr. 590.) Erwin indicated that Plaintiff had difficulty grasping items with the left hand and experienced numbness after extended use. (Tr. 590.) Erwin opined that Plaintiff was not job ready. (Tr. 590.)

A vocational rehabilitation counselor such as Erwin is not an acceptable medical source. Thus, Erwin's opinions are not entitled to any particular weight, and the regulations do not require the ALJ to explain the weight given to such opinions. Nevertheless, the ALJ sufficiently explained why she gave Erwin's opinions minimal weight:

---

[6] The ALJ mistakenly referred to Erwin's opinion as the opinion of Connie Brockland, who referred Plaintiff for the evaluation completed by Erwin. (Tr. 45, 589, 592.)

10

> The undersigned assigned little weight to [Erwin]'s opinions because they contradict other statements, findings and opinions contained in the record. Significantly, by his own admission, [Plaintiff] is able to lift 25 pounds to take out the trash. Additionally, he testified that he works 28 hours, 5 days a week. [Plaintiff] also testified that he is good with computers and can help friends repair some minor computer problems. There have also been several references throughout the record, [sic] that the claimant frequently uses the computer. He also said that he played video games for several hours. These activities require frequent repetitive use of his hands.

(Tr. 45.) Therefore, the ALJ committed no error in assigning minimal weight to Erwin's opinions or in explaining that decision.

### 3. Burns

As with Harshaw and Erwin, Burns, the SOAR case manager, is not an acceptable medical source. Even so, the ALJ "assigned substantial weight to [Burns]'s opinion that [Plaintiff] needed ongoing psychiatric/medical care and treatment." (Tr. 46.) The ALJ properly assigned minimal weight to Burns's opinion that Plaintiff "had a strong enough case to submit a disability claim," (Tr. 555), because the issues of whether Plaintiff is disabled and unable to work are reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d); Pascoe v. Astrue, No. 1:11-cv-226, 2012 U.S. Dist. LEXIS 114178, at *9 (W.D.N.C. July 22, 2012). Therefore, the ALJ committed no error in weighing Burns's opinions or in explaining the reasons for giving his opinions such weight.

## IV. CONCLUSION

In sum, the Court finds that substantial evidence supports the ALJ's decision and, accordingly, the Court upholds the decision of the Commissioner.

11

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: December 30, 2019

Robert J. Conrad, Jr.
United States District Judge